UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AYATOLLAH ORAFAN,
BARRY SMITH, et al.,

                                   Plaintiffs,

    vs.                                        9:95-CV-318
                                                    (S.J. Magnuson)
CYRIL RASHID, et al.,

                                   Defendants.
_____

## REPORT-RECOMMENDATION

This matter has been assigned to visiting Senior District Court Judge, Hon. Paul A. Magnuson for all dispositive proceedings. It has come to this court's attention that plaintiff Barry Smith has failed to notify the court of his change of address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, a plaintiff has the duty to inform the court of any address changes. As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon the litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)(citing *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730 (5th Cir. 1984)).

Finally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

In this case, there are multiple plaintiffs.  Many of the plaintiffs are currently represented by counsel, however, plaintiff Barry Smith is ***no longer represented by counsel***.  The docket sheet in this action indicates that counsel's representation of plaintiff Barry Smith was terminated on September 17, 2003.  A May 24, 1999 docket entry indicates that plaintiff Barry Smith was released from incarceration on April 26, 1996.  He has filed no change of address with the court, and mail sent to plaintiff Smith by the Clerk's Office has been returned since at least 2000.  The last three documents returned were orders dated June 21, 2005; June 22, 2005; and June 28, 2005. (Dkt. Nos. 265-67).

Since plaintiff Barry Smith has been released, is no longer represented by counsel in this case, and has chosen ***not*** to keep the court apprised of his address, this court finds that plaintiff Barry Smith does not wish to pursue this action.  In fact, this court has no way of contacting him even to give him an opportunity to file a change of address.  Therefore, this court is constrained to recommend dismissal for failure to notify the court of plaintiff Barry Smith's change of address.

**WHEREFORE,** based on the above, it is

**RECOMMENDED,** that pro se plaintiff Barry Smith be **DISMISSED AS A PLAINTIFF IN THIS ACTION**, due to his failure to notify the court of his current address since at least 2000.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 19, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge